**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **OAKBEND MEDICAL CENTER,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | **CIVIL ACTION NO. 4:17-cv-1999** |
| | § | |
| **AETNA HEALTH INC.,** | § | |
| | § | |
| **Defendant.** | § | |

**AETNA'S FIRST AMENDED ANSWER TO PLAINTIFF'S COMPLAINT
AND ORIGINAL COUNTERCLAIM**

Aetna Health Inc. ("Aetna") files this First Amended Answer to the Original
Petition ("Complaint") filed by Plaintiff OakBend Medical Center ("OakBend"), as well
as its Original Counterclaim against OakBend.

**I. ANSWER**

1.      No responsive pleading is required with respect to paragraph 1 of the
Complaint.

2.      Based on information and belief, Aetna admits that OakBend Medical
Center is a non-profit entity that provides healthcare services in Richmond, Fort Bend
County, but Aetna otherwise denies the allegations in paragraph 2 of the Complaint.

3.      With respect to the allegations in paragraph 3, Aetna admits that it is a
Texas corporation and licensed health maintenance organization ("HMO") and that it

has appeared in this action, but Aetna otherwise denies the allegations in paragraph 3 of the Complaint.

4. With respect to the allegations in paragraph 4 of the Complaint, Aetna admits that this case was properly removed to the United States District Court for the Southern District of Texas, Houston Division, based on federal question jurisdiction. Aetna otherwise denies the allegations in paragraph 4.

5. With respect to the allegations in paragraph 5 of the Complaint, Aetna admits that venue is proper in the United States District Court for the Southern District of Texas, Houston Division, but Aetna otherwise denies the allegations in paragraph 5.

6. With respect to the allegations in the first and second sentences of paragraph 6 of the Complaint, Aetna admits that OakBend is suing to recover benefits for healthcare services provided to certain patients it contends were members of employee welfare benefit plans, but Aetna otherwise denies the allegations in the first and second sentences of paragraph 6. With respect to the third, fourth, and fifth sentences of paragraph 6, Aetna admits that there are hospital services agreements between Aetna, on behalf of itself and its affiliates, and Polly Ryon Hospital Authority (d/b/a OakBend), effective December 1, 2005 and November 1, 2016 (the "Agreements"), and that the terms of the Agreements speak for themselves, but Aetna otherwise denies the allegations in the third, fourth, and fifth sentences of paragraph 6. With respect to the sixth sentence, Aetna responds that the terms of the Agreements speak for themselves and also that there are too many variables with respect to any

individual claim for Aetna to admit or deny the allegations in this sentence as written; as such, they are denied. Aetna denies the allegations in the seventh sentence of paragraph 6. Finally, with respect to the eighth sentence, Aetna admits that OakBend has stated that it is suing under these causes of action, but Aetna otherwise denies the allegations and further denies that OakBend is entitled to any of the relief it seeks.

7.      With respect to the allegations in the first sentence of paragraph 7 of the Complaint, Aetna admits that OakBend has produced to Aetna a spreadsheet of claims at issue in the lawsuit (the "Claim List") and that the majority of the claims on the Claim List have dates of service in 2015 and 2016. With respect to the allegations in the second and third sentences of paragraph 7, Aetna admits that claims on the Claim List were denied for various reasons, and further admits that certain claims on the Claim List were denied because OakBend was not in the plans' networks, but Aetna otherwise denies the allegations in the second and third sentences. Aetna denies the allegations in the fourth sentence of paragraph 7.

8.      To the extent a responsive pleading is required to paragraph 8, Aetna denies that OakBend is entitled to any relief sought in the Complaint.

9.      To the extent a responsive pleading is required to paragraph 9, Aetna denies the allegations in paragraph 9.

10.      Aetna denies the allegations in paragraph 10 of the Complaint.

11.      On information and belief, Aetna admits that OakBend provides healthcare services at hospitals located in Fort Bend County, and that OakBend's

website claims that it has 400 physicians on staff and 231 beds, but Aetna otherwise denies the allegations in paragraph 11.

12.     With respect to the first sentence of paragraph 12 of the Complaint, Aetna admits that the terms of the Agreements speak for themselves, but Aetna otherwise denies the allegations in the first sentence of paragraph 12. The allegations in the second sentence of paragraph 12 are too broad and generalized, and implicate too many variables, for Aetna to admit or deny as written; as such, they are denied.

13.     With respect to paragraph 13 of the Complaint, Aetna admits that terms of the Agreements speak for themselves, but Aetna otherwise denies the allegations in paragraph 13.

14.     The allegations in paragraph 14 of the Complaint are overly broad and generalized, and Aetna's ability to admit or deny the allegations depends on too many variables. Subject to the foregoing objections, Aetna admits that certain patients on the Claim List were admitted for treatment at OakBend and that patients received a variety of medical treatments, but Aetna otherwise denies the allegations in paragraph 14.

15.     Aetna denies the allegations in paragraph 15 of the Complaint.

16.     The allegations in the first, second, and third sentences of paragraph 16 of the Complaint are too broad and generalized, and implicate too many variables, for Aetna to admit or deny as written; as such, they are denied. Aetna denies the allegations in the fourth, fifth, sixth, and seventh sentences of paragraph 16.

HOU:3829380.4

17.     The allegations in the first sentence of paragraph 17 of the Complaint are too broad and generalized, and implicate too many variables, for Aetna to admit or deny as written; as such, while Aetna admits that OakBend has submitted claims to Aetna for healthcare services provided to certain members, Aetna otherwise denies the allegations in the first sentence. With respect to the second and third sentences of paragraph 17, Aetna admits that the terms of the Agreements speak for themselves, but otherwise denies the allegations in the second and third sentences.

18.     With respect to the first, second, third, and fourth sentences of paragraph 18 of the Complaint, Aetna admits that OakBend has identified on its Claim List medical claims that Aetna denied for various reasons, including level of care, lack of authorization, untimely filing, or because OakBend was not in the plan's network, but Aetna otherwise denies the allegations in the first, second, third, and fourth sentences of paragraph 18. Aetna is without information sufficient to specifically admit or deny the allegations in the fifth and sixth sentences of paragraph 18 of the Complaint; therefore, they are denied. With respect to the allegations in the seventh sentence of paragraph 18, Aetna admits that certain plans may have custom networks, including independent school district plans or exchange plans, but Aetna otherwise denies the allegations in the seventh sentence. With respect to the eighth sentence of paragraph 18, Aetna admits that the terms of the Agreements speak for themselves, but otherwise denies the allegations therein. Aetna denies the allegations in the ninth sentence of paragraph 18.

19.     Aetna denies the allegations in paragraph 19 of the Complaint.

20.     Aetna denies the allegations in paragraph 20 of the Complaint and further denies that OakBend is entitled to any of the relief it seeks.

21.      Aetna denies the allegations in paragraph 21 of the Complaint and further denies that OakBend is entitled to any of the relief it seeks.

22.     Aetna re-alleges and incorporates the foregoing paragraphs in response to paragraph 22 of the Complaint.

23.     With respect to paragraph 23, Aetna admits that the Agreements exist, and that the terms of the Agreements speak for themselves, but Aetna otherwise denies the allegations in paragraph 23 of the Complaint and further denies that OakBend is entitled to any of the relief it seeks.

24.     Aetna denies the allegations in paragraph 24 of the Complaint.

25.     Aetna re-alleges and incorporates the foregoing paragraphs in response to paragraph 25 of the Complaint.

26.     The allegations in paragraph 26 of the Complaint are overly broad, vague, and dependent on multiple variables; subject to the foregoing objections, Aetna admits that there are generally preauthorization requirements under the plans, and that there are also generally verification and/or precertification processes addressed by the parties' Agreements and/or the Texas Insurance Code, the terms of which speak for themselves, but Aetna otherwise denies the allegations in paragraph 26 of the Complaint.

27.     Aetna denies the allegations in paragraph 27 of the Complaint.

HOU:3829380.4

28.     Aetna denies the allegations in paragraph 28 of the Complaint.

29.     Aetna denies the allegations in paragraph 29 of the Complaint.

30.     Aetna denies the allegations in paragraph 30 of the Complaint and further denies that OakBend is entitled to any of the relief it seeks.

31.     Aetna re-alleges and incorporates the foregoing paragraphs in response to paragraph 31 of the Complaint.

32.     Aetna denies the allegations in paragraph 32 of the Complaint and further denies that OakBend is entitled to any of the relief it seeks.

33.     Aetna re-alleges and incorporates the foregoing paragraphs in response to paragraph 33 of the Complaint.

34.     Aetna denies the allegations in paragraph 34 of the Complaint and further denies that OakBend is entitled to any of the relief it seeks.

35.     Aetna denies the allegations in paragraph 35 of the Complaint and further denies that OakBend is entitled to any of the relief it seeks.

36.     Aetna denies the allegations in paragraph 36 of the Complaint.

37.     Aetna denies the allegations in paragraph 37 of the Complaint and further denies that OakBend is entitled to any of the relief it seeks.

38.     Aetna denies the allegations in paragraph 38 of the Complaint and further denies that OakBend is entitled to any of the relief it seeks.

HOU:3829380.4

39.     To the extent any responsive pleading is necessary to paragraph 39, Aetna denies that OakBend is entitled to any relief it seeks in this lawsuit, whether under its current Complaint or any amendment thereto.

40.     No responsive pleading is required with respect to paragraph 40 of the Complaint.

41.     Aetna denies that OakBend is entitled to any of the relief it seeks in the Prayer of the Complaint.

42.     To the extent any headings or unnumbered paragraphs of the Complaint are construed to be allegations, they are denied.

43.     All allegations of the Complaint not specifically admitted above are denied.

## II. AFFIRMATIVE DEFENSES

1.     OakBend has failed to state a claim upon which relief can be granted.

2.     Aetna has fully performed its duties under the Agreements.

3.     OakBend has failed to satisfy all conditions precedent for recovery under the Agreements.

4.     Aetna processed the medical claims submitted by OakBend pursuant to the Agreements and in accordance with applicable plan terms, rules, policies, and/or procedures.

5.     OakBend cannot recover on any claims not covered by the terms of the Agreements.

HOU:3829380.4

6.     To the extent applicable, Aetna processed the medical claims submitted by OakBend in accordance with any applicable laws, rules, and regulations.

7.     OakBend's state law claims are barred, in whole or in part, by the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001-1461 ("ERISA") or any other federal or state statute that may be applicable.

8.     Any decisions made by Aetna relating to the medical claims at issue in this litigation were proper and correct under the terms of the benefit plans, applicable plan documents, coverage policies, and any other governing laws and regulations.

9.     OakBend's remedies for any alleged acts or omissions in connection with medical claims governed by Medicare laws or ERISA are limited solely to those afforded by ERISA or applicable Medicare laws.

10.     Any claim upon which relief can be granted under ERISA fails as a matter of law.

11.     OakBend's claims are barred to the extent that the administrative remedies provided for in the plans were not exhausted, or, alternatively, should be remanded to the administrator to determine the correct benefits payments, if any, under the terms of the respective plans.

12.     OakBend's claims fail because the administrator did not abuse its discretion.

13.     OakBend's claims fail because the administrator's actions were not arbitrary or capricious.

HOU:3829380.4

14.     Any determinations regarding OakBend's medical claims were proper and correct under the terms of the plans.

15.     OakBend's claims fail to the extent that OakBend failed to submit proof of covered services.

16.     OakBend cannot recover upon its claims to the extent that any services and supplies claimed were not covered under the terms of the plans and/or policies. Nor can OakBend recover to the extent the services were not medically necessary, were experimental or investigational, were incidental to other charges, and/or were not pre-authorized or pre-certified to the extent required by the respective benefit plan.

17.     OakBend's charges are covered to the extent that any benefit maximums or other benefit limitations under the terms of the respective plans had been met.

18.     In the alternative, OakBend's charges are not covered to the extent that they exceeded usual, customary, and/or reasonable charges, or the prevailing fees, recognized charges, or other similar language, under the terms of the respective plans.

19.     OakBend cannot recover to the extent the claims submitted were not timely submitted or appealed, or not submitted at all.

20.     OakBend cannot recover to the extent that it failed to properly submit any claims including, but not necessarily limited to, proper Tax Identification Numbers and/or other provider identifying information.

21.     OakBend's claims are barred to the extent they seek reimbursement for services, procedures, supplies, and/or fees for which a member had no legal

responsibility to pay or for which a charge would not ordinarily have been made in the absence of insurance coverage.

22.     OakBend lacks standing to recover on the claims to the extent OakBend did not have valid or effective assignments of benefits for medical claims.

23.     OakBend's medical claims are not covered under the plans to the extent that the patients were not eligible members covered under the terms of the plans at the time that the services at issue were rendered.

24.     OakBend's claims fail to the extent OakBend failed to timely notify Aetna of any dispute(s) as required under the terms of the Agreements.

25.     The Agreements limit OakBend's damages, if any, to actual damages. As such, OakBend is not entitled to indirect, incidental, punitive, exemplary, special, or consequential damages of any kind.

26.     Aetna is entitled to an offset for any overpayments.

27.     OakBend's claims are barred by the doctrine of accord and satisfaction.

28.     OakBend cannot recover upon the claims asserted under the Agreements to the extent the claims are not "Clean Claims."

29.     OakBend cannot recover upon the claims asserted to the extent the claims were not for "Covered Services" or "Hospital Services" as defined by the Agreements.

30.     OakBend cannot recover upon claims asserted that were not provided at facilities identified in the Service and Location Billing Forms attached to the Agreements.

HOU:3829380.4

31.     OakBend cannot recover upon the claims asserted to the extent the claims were provided by an alternate facility or vendor, as such services are the financial responsibility of OakBend.

32.     OakBend's state law claims fail because there are express written agreements covering the subject matter of this lawsuit, namely the Agreements and/or the patients' health plans.

33.     OakBend's Texas Insurance Code claims fail with respect to claims under self-funded/self-insured plans, the Teachers Retirement System of Texas ("TRS") plan, and/or any governmental plans that are not subject to such statutory provisions.

34.     To the extent certain patients whose treatment is at issue in this lawsuit were beneficiaries of a TRS plan, OakBend's claims are barred by the doctrines of sovereign, governmental, and or/official immunity.

35.     OakBend's claims are barred to the extent that OakBend failed to mitigate any alleged damages.

36.     Damages allegedly sustained by OakBend, if any be proved, were caused in whole or in part by OakBend's own acts and omissions.

37.     OakBend's claims against Aetna are barred by the doctrine of estoppel, including to the extent that OakBend misrepresented services being provided to the patients, omitted relevant information concerning the services provided, misrepresented the charges for the services, and/or otherwise falsely or fraudulently submitted claims for reimbursement.

HOU:3829380.4

38.     OakBend's claims are barred by the doctrine of unclean hands.

39.     Aetna asserts its right to credits, recoupments, and/or offsets with respect to damages awarded to OakBend, if any, for any overpayments or payments previously made to OakBend in error.

40.     Aetna reserves all rights to assert any defenses under the medical plans applicable to the medical claims at issue.

41.     Aetna reserves the right to amend or supplement its affirmative defenses as it obtains additional information through discovery or otherwise.

### III. COUNTERCLAIM

Defendant/Counter-Plaintiff Aetna files the following counterclaim against Plaintiff/Counter-Defendant OakBend:

**A.     Parties**

1.     Counter-Defendant OakBend is the plaintiff in this matter.

2.     Counter-Plaintiff Aetna is the defendant in this matter.[1]

**B.     Jurisdiction and Venue**

3.     This Court has personal jurisdiction over OakBend as it does business in the State of Texas.

---

[1]     Aetna Health Inc., "on behalf of itself and its Affiliates," is the named party to the contracts at issue. Affiliate is defined as "[a]ny corporation, partnership or other legal entity…directly or indirectly owned or controlled by, or which owns or controls, or which is under common ownership or control" with Aetna. *See* 2016 Agreement, at § 1.1, p. 6. Depending on the type of claim (for example, whether the claim was an HMO claim or whether the claim was self-funded or insured), it is likely that an Aetna Affiliate received, processed, and/or paid the claim. For purposes of simplicity, however, Aetna as used in this Counterclaim refers to Aetna and the relevant Aetna Affiliate.

HOU:3829380.4

4.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because it arises under the Constitution, laws, or treaties of the United States. Additionally, this Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).

5.      Venue is proper in the Southern District of Texas, Houston Division, because OakBend resides or may be found in this judicial district, 29 U.S.C. §§ 1132(e)(2) & 1391(b)(1), and a substantial part of the events giving rise to the claims occurred here.

## C.      Factual Background

6.      OakBend and Aetna are parties to two hospital services agreements. Specifically, there are agreements between Aetna and Polly Ryon Hospital Authority (d/b/a OakBend), effective December 1, 2005 (the "2005 Agreement") and November 1, 2016 (the "2016 Agreement") (together, the "Agreements"). By virtue of the Agreements, OakBend is considered an in-network provider for the products and programs in which it participates.[2]

7.      The Agreements, however, are limited to services provided by OakBend facilities and providers. For example, the 2016 Agreement provides that it "relates solely to the provision of Hospital Services by Hospital and does not apply to any other organization which succeeds to Hospital assets, by merger, acquisition or otherwise, or

---

[2]      While OakBend is generally considered an in-network provider, nothing in the Agreements requires Aetna to identify, designate or include OakBend as a participant or preferred participant in any specific program or product, generally, or for any specific payers/customers. *See* 2016 Agreement, at 2.6, p. 10.

is an affiliate of Hospital. Hospital may not assign this Agreement without [Aetna's] prior written consent.**" *See* 2016 Agreement, at § 9.7, p. 21.[3]

8.      The Agreements also specify the facilities and locations to which the Agreements apply, and provide that "[u]pon written notice from Hospital, [Aetna] may agree to add new or relocating facilities and locations to the Agreement upon completion of applicable credentialing and satisfaction of all other requirements of [Aetna]." *See* 2016 Agreement, at § 2.1, p. 8; *see also id.* at p. 40.

9.      The 2016 Agreement further obligates OakBend to "provide to [Aetna] a complete list of service addresses, e-mail addresses, telephone and facsimile numbers" and to "notify [Aetna] in writing within seven (7) business days of its acquiring knowledge of any change in this information." *See* 2016 Agreement, at § 2.1.1, p. 8.

10.     Notwithstanding these and numerous other limitations on the facilities and services that are governed by the Agreements, on information and belief, OakBend has entered into improper billing arrangements with third-party providers without ever disclosing these billing arrangements to Aetna, let alone seeking Aetna's approval to bill on behalf of these providers and obtain payment under the Agreements.

11.     More specifically, on information and belief, OakBend has entered into arrangements in which it bills Aetna for services that are *actually* performed by other providers. OakBend bills for these services using its own name and tax identification number (TIN) so that the services are paid at higher rates under OakBend's

---

[3]     The 2005 Agreement contains similar language at § 9.6.

HOU:3829380.4

Agreements. On information and belief, OakBend receives remuneration for this scheme, which drives up medical costs and adversely impacts Aetna's members and plan sponsors.

12. For example, on information and belief, OakBend has billed Aetna for services performed by out-of-network providers using OakBend's name and TIN. Aetna would have processed and paid those claims as in-network under the Agreements, even though the claims were (unbeknownst to Aetna) performed by out-of-network providers. Further, with respect to many types of services, the rates payable under the Agreements would be significantly higher or more favorable than the standard out-of-network rates for the same services.

13. Further, on information and belief, OakBend has interfered with Aetna's agreements with other in-network providers by billing for certain services under OakBend's Agreements (rather than under the providers' own agreements), which paid higher or more favorable rates for the same services.

14. Certain in-network providers have even requested that Aetna terminate parts of their existing contracts based on their belief that they could (improperly) bill for those same services under OakBend's Agreements instead.

HOU:3829380.4

15.     Further, on information and belief, OakBend is receiving remuneration from third-party providers in exchange for essentially renting out its name and TIN for purposes of billing insurance companies.[4]

16.     To the extent Aetna and the plans have paid for services, supplies, or other charges that were performed at or by physicians, facilities, or locations that are not covered by the OakBend Agreements, those payments were made involuntarily and in error and Aetna seeks the return of such payments from OakBend.

17.     The precise nature of the improper billing arrangements between OakBend and the third-party providers has never been disclosed to Aetna, contrary to the terms of the Agreements. Further, because of the manner in which OakBend submits claims to Aetna, it is impossible for Aetna to estimate the total number of claims or amount of damages that have resulted from this improper billing scheme. Aetna intends to seek information about these arrangements through discovery, and reserves the right to supplement its counterclaim as additional information becomes available.[5]

---

[4]     The Agreements also prohibit OakBend from accepting kickbacks or payments, or referring or accepting referrals from, physician groups or other persons or entities in which it has a financial interest, unless disclosed in advance and in writing to Aetna and any affected member. *See* 2016 Agreement, at ¶ 2.3.2, p. 9.

[5]     Additionally, Aetna notes that the current deadline for joining additional parties is February 1, 2018. *See* Docket Control Order, ECF No. 15. Aetna is not aware of any parties that need to be joined at this time. However, to the extent that discovery reveals additional parties that may be joined, Aetna reserves the right to request leave to join those parties at a later date.

**D.      Causes of Action**

**(a)      Breach of Contract**

18.      Aetna realleges and incorporates by reference the foregoing paragraphs of its counterclaim.

19.      OakBend is in breach of the parties' Agreements by billing for services that are not covered by the Agreements.

20.      Additionally, OakBend is in breach of the parties' Agreements by billing for services provided at locations that were not covered by the Agreements and which Aetna did not agree to add to the Agreements.

21.      Additionally and/or in the alternative, OakBend is in breach of the parties' Agreements by billing for services provided by alternate facilities or vendors, as such services are the financial responsibility of OakBend.

22.      Aetna has been damaged to the extent it has (i) paid OakBend on claims for services provided by third-party providers that would not have been covered at all if billed by the third-party provider, and/or (ii) paid OakBend on claims for services provided by the third-party providers at rates set forth in the OakBend Agreements, rather than lower rates for those services.

**(b)      Declaratory Judgment**

23.      Aetna realleges and incorporates by reference the foregoing paragraphs of its counterclaim.

24.     Additionally, and in the alternative, an actual, justifiable controversy exists between Aetna and OakBend concerning the propriety of OakBend's billing practices. Pursuant to 28 U.S.C. § 2201 and/or Chapter 37 of the Texas Civil Practice & Remedies Code, Aetna seeks a declaratory judgment that (i) OakBend is not entitled to payment for services provided at facilities and locations that Aetna did not agree to add to the parties' Agreements; and (ii) Aetna is not liable for claims for reimbursement submitted by OakBend where the services at issue are not being provided by OakBend.

**E.     Discovery Rule**

25.     Aetna pleads the discovery rule and asserts that it could not have known, despite the exercise of reasonable diligence, all of the facts giving rise to its claims prior to the institution of this lawsuit.

**F.     Conditions Precedent**

26.     Aetna has performed all conditions precedent, or they have otherwise been waived.

**G.     Attorneys' Fees**

27.     Aetna is entitled to its reasonable and necessary attorneys' fees under the Agreements and Chapter 38 of the Texas Civil Practice & Remedies Code.

## IV. Prayer For Relief

WHEREFORE, PREMISES CONSIDERED, Aetna respectfully requests that OakBend take nothing with respect to its claims against Aetna, that OakBend's claims

be dismissed with prejudice, and that Aetna be awarded judgment against OakBend for the following:

1. An award of actual damages;

2. Reasonable and necessary attorneys' fees;

3. Costs of court;

4. Prejudgment and post-judgment interest; and

5. Such other and further relief at law or in equity to which Aetna may be justly entitled.

Respectfully submitted,

OF COUNSEL:
ANDREWS KURTH KENYON LLP
and
COURTNEY B. GLASER
State Bar No. 24059824
Southern District No. 909268
BRIAN C. PIDCOCK
State Bar No. 24074895
Southern District No. 1654553
cglaser@andrewskurth.com
bpidcock@andrewskurth.com

By:  s/John B. Shely
JOHN B. SHELY
State Bar No. 18215300
Southern District No. 7544
600 Travis, Suite 4200
Houston, Texas 77002
Telephone:  (713) 220-4105
Telecopier:  (713) 220-4285
jshely@andrewskurth.com

ATTORNEY-IN-CHARGE FOR DEFENDANT
AETNA HEALTH INC.

HOU:3829380.4

## CERTIFICATE OF SERVICE

I hereby certify that on March 6, 2018, I electronically filed the foregoing document with the clerk of court for the U.S. District Court, Southern District of Texas, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record for Plaintiff who are known "Filing Users:"

Lynne Sassi
lsassi@sassilawfirmpc.com
Christopher Sassi
csassi@sassilawfirmpc.com

*s/Courtney B. Glaser*
Courtney B. Glaser

HOU:3829380.4